UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:04-cr-172-CLC-CHS |
| | ) | |
| MARVIN GOODMAN | ) | |

## MEMORANDUM AND ORDER

MARVIN GOODMAN ("Defendant") appeared for a hearing on January 20, 2017, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for a Warrant or Summons for an Offender Under Supervision ("Petition").

Defendant was placed under oath and informed of his constitutional rights. It was determined that Defendant wished to be represented by an attorney and he qualified for appointed counsel. Attorney Chris Stanford was appointed to represent Defendant. It was also determined that Defendant had been provided with and reviewed with counsel a copy of the Petition.

The Government moved that Defendant be detained without bail pending his revocation hearing before U.S. District Judge Curtis L. Collier. Defendant waived his right to a preliminary hearing, but requested a detention hearing and time to prepare for same, which was scheduled to take place on January 24, 2017 at 2:00 p.m.

On January 24, 2017, those present for the detention hearing included AUSA Steve Neff for the government, Defendant, and Attorney Stanford for Defendant.

After being sworn in due form of law, Defendant was reminded of his privilege against self-incrimination accorded him under the Fifth Amendment to the United States Constitution.

### Detention Hearing Proof

AUSA Neff called U.S. Probation Officer Crystal Johnson to testify as to certain factual allegations set forth in the Petition and related matters and she was cross-examined by counsel for Defendant. Defendant testified on his own behalf and was cross-examined by the government. The parties presented their respective positions and/or argument concerning the issues of detention or release, which were fully considered by the Court.

### Findings

Based upon the Petition and waiver of preliminary hearing, the Court finds there is probable cause to believe Defendant has committed violations of his condition of supervised release as alleged in the Petition.

Defendant has carried his burden of demonstrating that, if released, he would not pose a risk of non-appearance or a danger to another person or to the community under Fed. R. Crim. P. 32.1(a)(6). Upon consideration of all of the factors set forth in 18 U.S.C. §§ 3142(g) and 3142(f)(2)(B), there are conditions which will reasonably assure the appearance of the Defendant and the safety of the community.

### **Conclusions**

Accordingly, it is **ORDERED** that:

(1) The Government's motion that the Defendant be **DETAINED WITHOUT BAIL** pending his revocation hearing before Judge Collier is **DENIED**. Defendant is released on conditions of release as set out in the Order Setting Conditions of Release [Doc. 106].

(2) Defendant is **ORDERED** to appear at the revocation hearing set **before U.S. District Judge Collier on Wednesday, March 22, 2017 at 2:00 p.m. [EASTERN]**.

SO ORDERED.

ENTER.

                                                   s/ *Susan K. Lee*
                                                   SUSAN K. LEE
                                                   UNITED STATES MAGISTRATE JUDGE